IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY JOSEPH PIERRE,** | : | CIVIL NO. 1:CV-11-2308 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **ERIC HOLDER, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Johnny Joseph Pierre, ("Pierre"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 13, 2011. (Doc. No. 1.)  Along with the petition, he has submitted a motion for leave to proceed in forma pauperis. (Doc. No. 2.)  Following a preliminary review of the petition, see R. Governing § 2254 Cases R. 4 (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

**I.     Background**

Pierre states that he is an alien subject to a final order of removal who is being detained by ICE at the York County Prison.  While he does not provide any details with respect to what activities led to his detention/removal by ICE, he does state that he was taken into ICE custody on July 13, 2011 following his service of a ten (10) year prison term and the reinstatement of a removal order.  He states that on August 5, 2011, he made a request to ICE for consideration for release and on August 26, 2011, this initial request was denied.  On November 15, 2011, after being detained in excess of ninety (90) days, Pierre states that he submitted a request to the

Deportation Officer at the York County Prison for a custody status review. Pierre states that the officer told him he would be remaining in detention. There is no reference to any custody status review by ICE taking place in response to his request. In the pending petition, Pierre seeks to be released from ICE detention on supervision or a review of his custody.

**II.     Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i)     The date the order of removal becomes administratively final.
>
> (ii)    If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period.  8 C.F.R. § 241.4(k)(1)(i).  When release is denied pending the removal, as clearly appears to be the case here, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review.  8 C.F.R. § 241.4(k)(1)(ii).  Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU.  8 C.F.R. § 241.13(d)(1).  Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future."  8 C.F. R. § 241.13(a).  Significantly, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Zadvydas, 533 U.S. at 701.  Id.

In the matter *sub judice*, all indications are that jurisdiction to make a determination concerning Pierre's custody now lie with the HQPDU.  While Pierre states that he made an inquiry to the Deportation Officer at the York County Prison with respect to the issue of a custody status review, there is no indication that he filed a written request for release with the HQPDU.  Consequently, ICE will be ordered to treat the instant petition as a request for release under 8 C.F.R. § 241.13.   An appropriate order accompanies this memorandum.

Case 1:11-cv-02308-YK -LQ   Filed 12/22/11   Page 4 of 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHNNY JOSEPH PIERRE,** | : | **CIVIL NO. 1:CV-11-2308** |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **ERIC HOLDER, et al.,** | : | |
| Respondents | : | |

## ORDER

**AND NOW,** this 22nd  day of December, 2011, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The motion for leave to proceed in forma pauperis (Doc. No. 2) is **granted** for the sole purpose of filing the instant petition.

2. The petition for writ of habeas corpus is **denied**.

3. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13.  ICE shall provide Petitioner with a response to his request within thirty (30) days.

4. The Clerk of Court is directed to serve a copy of this Memorandum and Order on the Respondents and the United States Attorney.

5. The Clerk of Court is directed to **close this case**.


          S/ Yvette Kane
          YVETTE KANE, Chief Judge
          Middle District of Pennsylvania